**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Az Holding, LLC, a North Dakota limited liability company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Thomas C. Frederick and Christine J. Cobb, husband and wife; RBW Consultants, Inc., an Arizona corporation; and Bumaro, LLC, an Arizona limited liability company,<br><br>　　　　Defendants.<br>_____<br>Thomas C. Frederick and Christine J. Cobb, husband and wife; RBW Consultants, Inc., an Arizona corporation; Bumaro, L.L.C., an Arizona limited liability company,<br><br>　　　　Counterclaimants,<br><br>vs.<br><br>Az Holdings, L.L.C., a North Dakota limited liability company,<br><br>　　　　Counterdefendant.<br>_____ | No. CV-08-0276-PHX-LOA<br><br>**ORDER** |

This matter arises on Plaintiff Az Holding, L.L.C.'s ("Plaintiff" or "Az Holding") Application for Preliminary Injunctive Relief and Declaratory Relief, filed on January 7, 2009. (docket # 61-62) Plaintiff requests the Court set an expedited evidentiary hearing and "enter an Order and Judgment (1) granting specific performance compelling

1  Defendants to convey certain real property to Plaintiff pursuant to Paragraph 25 of the
2  parties' Lease Agreement, and (2) declaring that [Plaintiff] is entitled to receive a credit
3  against the purchase price of $2,085,000 to be paid for the real property, in an amount equal
4  to the sum of each of the monthly rental payments that [Plaintiff] has paid to [Bumaro,
5  L.L.C.] in and since November 2008." (*Id*. at 1-3)
6      Defendants/Counterclaimants Thomas C. Frederick, Christine J. Cobb, RBW
7  Consultants, Inc. and Bumaro, LLC (collectively "Defendants") oppose Plaintiff's
8  Application.
9      The Court has considered the parties' Joint Verified Jurisdictional Statement,
10 docket # 74, and concludes there is complete diversity and this District Court has subject-
11 matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.
12     After considering the parties' briefings and the relevant case law, the Court will
13 deny Plaintiff Az Holding's Application.

## **BACKGROUND**

15     This lawsuit arises out of the sale of a business and disputes over purchase
16 documents including a lease with an option to purchase real property located on North 21st
17 Avenue in Phoenix where Plaintiff, as a tenant and the buyer, operates its business. (docket
18 # 62 at 1; docket # 65 at 2)  This lawsuit was filed on February 12, 2008. An Amended
19 Complaint was filed on November 17, 2008, asserting claims for specific performance
20 (Count I), for breach of the implied covenant of good faith and fair dealing (Count II), and
21 for declaratory relief pursuant to 28 U.S.C. § 2201 *et seq*. (Count III), "arising out of
22 Defendants' failure and refusal to sell the [subject] real property . . . in Phoenix, as B[umaro],
23 LLC is obligated to do pursuant to Paragraph 25 of the parties' Lease Agreement." (docket
24 # 62 at 7)
25     Because it makes a significant rental payment every month, Plaintiff "notified
26 Defendants in writing that beginning with the rental payment for November 2008, all future
27 rental payments of $30,000 (the amount of the monthly rental payments required under the
28 Lease Agreement) would be sent to Defendants 'under protest.' AZ Holding advised that it

would request an Order from the Court that all rental payments submitted to Defendants in and since November 2008 would be credited in favor of AZ Holding against the purchase price of $2,085,000 for the Property." (*Id.* at 6)

Defendants acknowledge Plaintiff made the cash payment of $3,309,607.00 at closing, but contend Plaintiff has "failed to make the January, 2009 payment . . . committed multiple breaches of the Lease, has entirely failed to make the additional payment of $155,000.00 due under paragraph 2.5 of the Asset Purchase Agreement, refuses to release the $100,000.00 that was due to be paid to [Defendants] on June 15, 2008, and is now refusing to pay the $800,000.00 in Additional Lease Consideration that was slated to come to the sellers by way of the lease payments." (docket # 65 at 3) Defendants' counterclaim alleges "Breach of the Lease Agreement, Breach of the Asset Purchase Agreement and seek[s] Declaratory Judgment to determine the enforceability of the Non-Competition Agreement, and to determine whether [Plaintiff] is obligated to pay the $800,000.00 in Additional Lease Consideration to Defendants in the event the Property is sold." (*Id.* at 4) Defendants "also contend, by way of affirmative defense, that Plaintiff has unclean hands which bars it from obtaining equitable relief" and there is "a significant threshold legal issue that must be briefed and resolved well before trial is set to begin; namely, whether Plaintiff's claims are barred by the statute of frauds." (*Id.*)

Although this lawsuit was filed over a year ago and the parties submitted their Joint Proposed Case Management Plan, docket # 56, on November 24, 2008, the parties have not yet held their Rule 16 scheduling conference.[1]

///

///

---

[1] It appears that the two prior scheduling orders, docket ## 26, 29, were related solely to Plaintiff's first request for an evidentiary hearing and preliminary injunctive relief. (docket # 8) The docket reflects an inconsistent history of the parties' reaching an agreement on Plaintiff's request for a TRO and preliminary injunctive relief, the unraveling of that agreement and then obtaining a stay of the case so that the parties could participate in private mediation which clearly was not successful. (docket # 13)

- 3 -

## **LEGAL STANDARD**

"A preliminary injunction is an extraordinary remedy never awarded as of right. In each case, courts must balance the competing claims of injury and consider the effect of granting or withholding the requested relief, paying particular regard to the public consequences." *Winter v. Natural Resources Defense Council, Inc*., __ U.S. __, 129 S.Ct. 365, 367 (2008) (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982); *Dorman v. Salen Inn, Inc*., 422 U.S. 922, 931 (1975) (stating that the standard to be applied by the district court in determining whether to grant injunctive relief is "stringent.")  "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006) (citing *Big Country Foods*, 868 F.2d at 1087)).

Before *Winter*, to obtain a preliminary injunction in the Ninth Circuit, movant was required to establish "either (1) a likelihood of success on the merits and the *possibility* of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the moving party's favor." *Warsoldier v. Woodford*, 418 F.3d 989, 993-94 (9th Cir. 2005) (emphasis added); *Big Country Foods v. Board of Education of the Anchorage School District*, 868 F.2d 1085, 1088 (9th Cir. 1989) (finding injunctive relief inappropriate where movant claimed that absence of injunctive relief would result in the loss of "a major source of income for a small company" but record was devoid of evidence of loss of profit) (citing *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 174 (9th Cir. 1987)). In *Winter*, however, the Supreme Court found the Ninth Circuit's "possibility" standard was "too lenient" and held that a party seeking preliminary injunctive relief must establish that irreparable injury is likely in the absence of an injunction. *Winter*, 129 S.Ct. at 375.

In *Big Country Foods*, the Ninth Circuit stated that "[t]hese formulations are not different tests, but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success of the merits decreases."  868 F.2d at 1088 (citations omitted); *Mayweathers v. Hickman*, 2008 WL 4206822, * 7 (S.D. Cal.

2008). Indeed, the most significant factor is the potential threat of irreparable harm to movant absent injunctive relief. *Balsley v. San Jose Development Corp.*, 1995 WL 108207, * 3 (N.D. Cal. 1995) (denying injunctive relief because plaintiffs had adequate remedy at law); *Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 57 (1975) (stating that an injunction should not issue absent substantial evidence of impending irreparable harm and lack of an adequate remedy at law.)  The court evaluates the nature of irreparable harm by determining whether a jury could compensate movant with damages at law. *Balsley*, 1995 WL 108207 at * 3. Where the court finds that monetary damages are appropriate, a preliminary injunction is not appropriate. *Balsley*, 1995 WL 108207, * 3.

In light of *Winter*, to obtain the extraordinary relief of an injunction prior to trial, movant must establish the following factors: 1) movant is likely to succeed on the merits at trial; 2) it will likely suffer irreparable harm if preliminary relief is not granted; 3) the balance of the hardships tips in movant's favor; and 4) a preliminary injunction will not be contrary to the public interest. *Winter*, 129 S.Ct. at 375; *FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993) (citations omitted). Movant bears the burden of proof on each of these factors. *Masurek v. Armstrong*, 520 U.S. 968, 972 (1997) (a preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear* showing, carries the burden of persuasion.") (emphasis added); *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1203 (9th Cir. 1980).

## DISCUSSION

Even assuming Plaintiff has established that "serious questions are raised," Plaintiff fails to clearly establish (1) it will likely succeed on the merits at trial, and (2) that it will likely sustain irreparable injury in the absence of injunctive relief at this time, *Winter*, 129 S.Ct. at 375, and the "balance of hardships tips sharply in [Plaintiff's] favor." *Big Country Foods*, 868 F.2d at 1088.  Plaintiff has made no colorable showing of  irreparable harm other than economic injury which alone does not support a finding of irreparable harm. *Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th

1 Cir. 1991) (stating that economic injury alone does not support a finding of irreparable 2 harm). In fact, if Plaintiff prevails in this litigation, it will have suffered no economic harm 3 at all because the Court, as Plaintiff has already advised Defendants, could apply all rental 4 payments paid by Plaintiff after Defendants' alleged breach of contract to the purchase price 5 of the building.

6 It is also quite apparent that there are likely questions of fact for jury resolution 7 on, at least, the contract claim and counterclaim and, as Defendants contend, there exists "a 8 significant threshold legal issue" involving the statute of frauds. Assuming without deciding 9 that Arizona law applies in this case, questions of fact for the trier of fact likely exist 10 regarding: (1) which party breached the contract first and whether that breach was material, 11 RAJI (Civil) 4th, Contract 9; *FDIC v. Air Fla. Sys., Inc*. 822 F.2d 833, 840 (9th Cir. 1987); (2) 12 whether the terms of the contract were established with sufficient specificity such that the 13 obligations involved may be ascertained, *Savoca Masonry Company, Inc. v. Homes and Son* 14 *Construction Company, Inc*., 112 Ariz. 392, 542 P.2d 817, 819 (1975); and (3) whether a 15 promise should be implied in fact. "Where reasonable minds may draw different conclusions 16 or inferences from undisputed evidentiary facts, a question of fact is presented." *Wagenseller* 17 *v. Scottsdale Mem. Hosp*., 147 Ariz. 370, 383, 710 P.2d 1025, 1038 (Ariz. 1985). There may 18 also be issues related to anticipatory breach of contract. RAJI (Civil) 4th, Contract 14.

19 Plaintiff is either requesting two trials on identical disputed issues, the first 20 before the Rule 16 scheduling conference has been held or, as Defendants charge, Plaintiff's 21 request is truly one "for an expedited trial on the merits of Plaintiff s claim." (docket # 65 at 22 5) The Court is not inclined to do either, especially since this litigation has been pending for 23 over a year; formal discovery on all issues has not yet been authorized, much less completed; 24 and, at least, one important issue of law must be resolved prior to trial.

25 Accordingly,

26 **IT IS ORDERED** that Plaintiff Az Holding, L.L.C.'s Application for 27 Preliminary Injunctive Relief and Declaratory Relief, docket # 61-62, is **DENIED**.

28 **IT IS FURTHER ORDERED** that Plaintiff Az Holding, L.L.C.'s Motion for

Status Conference, docket # 75, is **DENIED**. An Amended Joint Proposed Case Management Plan will be required if the issues have changed or new issues have arisen since the filing of the Amended Complaint and Counterclaim. A Rule 16 scheduling order will be issued shortly.

DATED this 26th day of February, 2009.

/s/ Lawrence O. Anderson
Lawrence O. Anderson
United States Magistrate Judge