**WO**

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8

9   AZ Holding, L.L.C., a North Dakota)          No. CV-08-0276-PHX-LOA
    limited liability company,        )
10                                     )          **ORDER**
                    Plaintiff,         )
11                                     )
    vs.                                )
12                                     )
    Thomas C. Frederick and Christine J.)
13  Cobb, husband and wife; RBW)
    Consultants, Inc., an Arizona corporation;)
14  and Bumaro, L.L.C., an Arizona limited)
    liability company,                 )
15                                     )
                    Defendants.        )
16  _____)
                                       )
17  Thomas C. Frederick and Christine J.)
    Cobb, husband and wife; RBW)
18  Consultants, Inc., an Arizona corporation;)
    Bumaro, L.L.C., an Arizona limited)
19  liability company,                 )
                                       )
20                  Counterclaimants,  )
                                       )
21  vs.                                )
                                       )
22  AZ Holding, L.L.C., a North Dakota)
    limited liability company,         )
23                                     )
                    Counterdefendant.  )
24  _____)

25          Pending for ruling is Plaintiff AZ Holding, L.L.C.'s ("Plaintiff") June 19, 2009

26  Motion for Telephonic Conference, docket # 88, which the Court deemed a motion for an

27  order precluding Defendants Thomas C. Frederick and Christine J. Cobb, RBW Consultants,

28  Inc., and Bumaro, L.L.C.s' (collectively "Defendants") expert witness, Linda Decker, from

testifying at trial or in response to a dispositive motion due to her and her report's untimely disclosure. For the reasons set forth herein, the Court concludes that Defendants violated the March 17, 2009 scheduling order, Defendants' untimely expert disclosure was not substantially justified, and Plaintiff has been sufficiently prejudiced by Defendants' violation that sanctions will be imposed.

## **BACKGROUND**

This hotly-contested commercial dispute was initially filed on February 12, 2008. (docket # 1) Between February and November, 2008, the parties stipulated to a Temporary Restraining Order on Plaintiff's Application, to several continuances of the preliminary injunction hearing, to a limited discovery schedule related to the requested injunctive relief, and to a stay of this lawsuit to participate in a private mediation. (docket ## 12, 24, 28, 36 at 1-2) Private mediation was unsuccessful. After Plaintiff filed its Amended Complaint on November 17, 2008, Defendants answered and counterclaimed. (docket ## 52, 73) Nearly a year after this lawsuit began, the parties expressly consented to magistrate-judge jurisdiction pursuant to 28 U.S.C. §636(c) with the approval of the then-assigned District Judge. (docket ## 63, 70) At the time the case was reassigned, the Rule 16 scheduling conference had not yet been held.

Shortly after denying Plaintiff's second Application for Preliminary Injunctive Relief, docket ## 61-62, on February 26, 2009, the Court set the Rule 16 scheduling conference for the following month. (docket ## 77-78) At the March 17, 2009 scheduling conference, the Court stressed to all counsel that due to the 13-month delay since the filing of this lawsuit, the deadlines in the Scheduling Order were real, firm, and, consistent with the undersigned's responsibilities mandated by Congress in the Civil Justice Reform Act of 1990, 28 U.S.C. §471 *et seq.*,[1] would not be altered except " upon a showing of good cause

---

[1] Under the CJRA mandate, "[f]ederal trial courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive manner." *Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 423 (D.Del. 1992). For example, section 473(a)(2) directs that federal judges provide "early and ongoing control of the pretrial process . . . such that the trial is scheduled

and by leave of the assigned trial judge." (docket # 81 at 2)

At the scheduling conference with the active, direct involvement of all counsel to fashion an order for the fair disclosure of all experts and their anticipated opinions on the various claims and counterclaims, the Court set three staggered deadlines for disclosure of expert testimony and reports:

> [P]laintiff's and Counterclaimants' disclosure of expert testimony and reports required under Rule 26(a)(2)(B), Fed.R.Civ.P., on their affirmative claims shall be made by **Wednesday, April 15, 2009.** Defendants' and Counterdefendant's disclosures of expert testimony and reports required under Rule 26(a)(2)(B), Fed.R.Civ.P., on their respective defenses shall be made by **Friday, May 15, 2009.** Plaintiff's and Counterclaimants' disclosure of true rebuttal expert testimony and reports solely to contradict or rebut evidence as required under Rule 26(a)(2)(C), Fed.R.Civ.P., shall be made by **Monday, June 15, 2009.**

(docket # 81 at 2-3)   The scheduling order also mandates supplementation of all discovery pursuant to Rule 26(e), Fed.R.Civ.P., by Friday, September 11, 2009, completion of all discovery by Wednesday, October 14, 2009, and filing of dispositive motion(s) on or before Friday, November 20, 2009. (*Id*. at 3-4) The scheduling order makes clear that the deadlines are "to be taken seriously," citing *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). (*Id*. at 2) At the scheduling conference, defense counsel expressed neither objection nor confusion that any defense expert to counter Plaintiff's expert testimony must be disclosed on or before Friday, May 15, 2009.

Plaintiff contends it timely disclosed its expert witness, Patricia J. Baldwin ("Baldwin"), and her report containing her anticipated trial testimony on April 21, 2009, six days after the April 15, 2009 deadline by prior agreement with opposing counsel. (docket # 88, n. 1)   In the subject Motion, Plaintiff claims Defendants did not disclose an expert on Defendants' counterclaims by the April 15 deadline or by the May 15 deadline to contradict

to occur **within eighteen months** after the filing of the complaint . . . ." 28 U.S.C. §473(a)(2) (emphasis added)  Because of the delay in this case before its reassignment, this goal can not be achieved.

Plaintiff's expert disclosure of April 21, 2009. Rather, on **June 15, 2009**, Defendants disclosed their so-called "rebuttal" expert witness, thirty days after the deadline for responding to Plaintiff's expert disclosure. (docket # 87) Plaintiff contends that the June 15, 2009 deadline pertained only to "true rebuttal expert testimony and reports" for Plaintiff and Counterclaimants to contradict or rebut evidence disclosed on or before the May 15 deadline. (docket # 81 at 2-3) Because Defendants failed to disclose an expert on their counterclaims by the April 15, 2009 deadline, Plaintiff contends it did not disclose an expert witness in response by the May 15, 2009 rebuttal deadline.[2] Further, Plaintiff argues it has been prejudiced by Defendants' untimely disclosure because it cannot offer rebuttal testimony to Defendants' disclosed and anticipated expert testimony.

On June 22, 2009, the Court ordered Defendants to show cause in writing why the Court should not preclude Defendants' expert witness from testifying at trial due to Defendants' failure to comply with the Rule 16 scheduling order. (docket # 90) Defendants and Plaintiff filed timely Responses, docket ## 92, 94, on July 1 and July 10, 2009, respectively. On July 21, 2009, Defendants filed their timely Reply to Plaintiff's Response.[3]

Defendants argue that their "expert disclosure did not contravene the Court's Rule 16 Scheduling Order" and "was both proper and timely" because their disclosure of Linda Decker ("Decker"), a Senior Branch Manager and Commercial Escrow Officer, was "true rebuttal expert testimony . . . offered solely to contradict or rebut evidence offered by" Plaintiff's expert, Baldwin, a Senior Escrow Officer.[4] (docket # 92 at 1, 6-7) Defendants

---

[2] Defendants acknowledge that they "did not disclose any expert testimony on [April 15, 2009] because they are not planning to offer any affirmative expert testimony on any of their counterclaims." (docket # 92 at 10)

[3] On July 21, 2009, the Court granted the parties' written stipulation extending the deadline for Defendants' Reply to July 21, 2009. (docket # 97)

[4] The Court has preliminary concerns whether either expert witness may properly offer their opinions in evidence at the trial of this matter. This issue, however, will be addressed prior to trial. *Nationwide Transport Finance v. Cass Information Systems, Inc.* 523 F.3d 1051, 1058 (9th Cir. 2008) ("[A]n expert witness cannot give an opinion as to her legal

contend that Decker's report is a "classic example of a rebuttal report. The sole issues addressed in Decker's report are the ones that Baldwin addressed in her report, and all that Decker has done is disagree with Baldwin and explain why. There are no new, or affirmative, issues of any type raised in Decker's rebuttal report." (*Id*. at 8) Assuming their expert disclosure was untimely, Defendants claim they "had substantial justification for making the disclosure on the date that they did[]" because their reading of the scheduling order was "a reasonable reading of the Order[]" and "Defendants' June 15, 2009 disclosure of Decker's report can also be fairly characterized as 'harmless.'" (*Id*. at 13)

Plaintiff responds that "Defendants' position defies common sense[,]" "distort[s] the plain language of this Court's Scheduling Order[,] and "fails to demonstrate substantial justification for their failure to comply with the Court's Scheduling Order." (docket # 94 at 1-2) To demonstrate the disingenuousness of Defendants' argument, Plaintiff points to the parties' proposed case management plan wherein the parties agreed to disclose experts on any claims or counterclaims on one date, and **then 30 days later** disclose experts opposing those claims and counterclaims. (docket # 79 at 14) Plaintiff correctly notes "[t]he Court adopted the parties' requested approach for disclosure of an expert and a responding expert 30 days apart, but added a third subsequent date to allow for disclosure 30 days thereafter for any rebuttal expert – but only by Plaintiff (on its claims) and Counterclaimants (on their counterclaims)." (*Id*. at 5) ("**Plaintiff's and Counterclaimants'** disclosure of true rebuttal expert testimony and reports solely to contradict or rebut evidence as required under Rule 26(a)(2)(C), Fed.R.Civ.P., . . . .") (emphasis in Plaintiff's original). Plaintiff acknowledges the Court specifically discussed this third disclosure date with counsel for the parties in chambers.

Plaintiff suggests that Defendants' untimely expert disclosure was not a simple mistaken interpretation of the scheduling order, but rather intentional legal strategy designed

conclusion, i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court.") (quoting *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004))

to prevent Plaintiff from offering rebuttal opinions to Defendants' expert's opinions. Plaintiff urges the Court to enter an order precluding Defendants' expert witness from testifying at trial. (*Id*. at 2)

## RULE 16 SCHEDULING ORDER

"Federal Rule of Civil Procedure 16 vests the district court with early control over cases 'toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery.'" *In re Arizona*, 528 F.3d 652, 657 (9th Cir. 2009), *cert. denied*, ___ S.Ct. ___, 2009 WL 1738654 (2009) (quoting Fed. R. Civ. P. 16 advisory committee's note, 1983 Amendment). "Rule 16 further recognizes the inherent power of the district court to enforce its pretrial orders through sanctions, Fed. R. Civ. P. 16(f), and the discretion of the [trial] judge to apply an appropriate level of super-vision as dictated by the issues raised by each individual case." *Id*. (citing, e.g., Fed. R. Civ. P. 16(c)(2)). "Failure to comply with the scheduling order exposes a party to 'any just orders,' as determined by the [trial] judge, including dismissal, entry of default or contempt of court." *Id*. (citing Fed.R.Civ.P. 16(f), 37(b)(2)).

Because this Court directed the sequencing and dates of expert witness disclosures, including the dates for exchange of expert reports, the alternative procedure set forth by Rule 26(a)(C)(i) is inapplicable. Fed. R. Civ. P. 26(a)(2)(B) and (C)(i); *Mendez v. Unum Life Ins. Co. of America*, 2005 WL 1865426, * 3 (N.D.Cal. 2005) ("Due to Defendants' untimely disclosure of their non-retained experts and their failure to petition this Court for relief from the Scheduling Order, this Court holds that Defendants may not present their non-retained experts in support of their claims or defenses.") (citing *Int'l Bus. Mach. Corp. v. Fasco Indus*., 1995 WL 115421, at *2 (N.D.Cal. 1995) ("When the court crafted its own schedule for expert disclosures, the mechanism set forth in Rule 26 was nullified, including the provision for supplemental disclosures").

As authorized by Rule 26(a)(2)(C), the scheduling order herein set the timing and dates for expert disclosures and incorporated what Rule 26(a)(2)(B) requires to be disclosed. Rule 26(a)(2)(C) ("A party must make these disclosures at the times and

in the sequence that the court orders. . . ."). Rule 26(a)(2)(B) mandates, *inter alia*, that an expert witness' disclosure "be accompanied by a written report - prepared and signed by the witness . . . [and] must contain (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; . . . (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." Rule 26(a)(2)(B), FED.R.CIV.P.

Additionally, Federal Rule of Civil Procedure 26(a)(2)(C)(ii) defines rebuttal experts as those experts presenting "evidence [that] is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure." *See, Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 635-636 (D.Haw. 2008) (sanctions requested for untimely disclosure of expert report that was allegedly not proper rebuttal which defendant claimed plaintiff should have produced by an earier expert disclosure deadline) (citing *Johnson v. Grays Harbor Cmty. Hosp.*, 2007 WL 4510313, at *1 (W.D.Wash. 2007) ("the Court will not exclude Plaintiff's rebuttal experts from testifying solely because Plaintiff designated only rebuttal experts")).

"In these days of heavy caseloads, trial courts . . . set schedules and establish deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "As the torrent of civil and criminal cases unleashed in recent years has threatened to inundate the federal courts, deliverance has been sought in the use of calendar management techniques. Rule 16 is an important component of those techniques." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 611 (9th Cir. 1992). Thus, "federal courts strictly enforce the expert witness disclosure requirements in Rule 26(a)(2)(B), and have the discretion to impose sanctions for an untimely or inadequate expert disclosure including the exclusion of expert witness testimony." *Wilderness Development, LLC v. Hash*, 2009 WL 564224, * 3 (D.Mont.

2009) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001)). "Exclusion of expert testimony 'is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a).'" *Id*.

Untimely expert disclosure implicates Federal Rule of Civil Procedure 37(c)(1). This Rule provides "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. . . ." Fed.R.Civ.P. 37(c)(1). Thus, a party may still use that party's expert witness evidence if the failure to timely disclose that evidence was either "substantially justified" or "harmless." *Yeti By Molly, Ltd*, 259 F.3d at 1106. District courts are given "particularly wide latitude . . . to issue sanctions under Rule 37(c)(1)." *Id*. at 1106.

The Ninth Circuit, other judges from this District Court, including the undersigned,[5] and other district courts within the Ninth Circuit have consistently demon-strated in writing and orally at scheduling conferences that Rule 16's deadlines are firm, real and are to be taken seriously by the parties and their counsel. *See, e.g., Janicki*, 42 F.3d at 566; *Hostnut.Com, Inc.v. Go Daddy Software, Inc.*, 2006 WL 2573201 * 3 (D. Ariz. 2006) (evidence not disclosed until more than two months after the discovery dead-line precluded at trial); *Schwartz v. Home Depot U.S.A., Inc*., CV-06-2168-PHX-FJM (party's first request to extend expert witness disclosure deadline denied; defense expert precluded) (docket # 83 at 2 in CV-06-2168-PHX-FJM); *Hazelwood v. United States*, 2006 WL 1599344, * 7 (D.Ariz. 2006) ("Plaintiff has presented no evidence she was diligent in seeking to amend her complaint. Finding no good cause to modify the Scheduling Order, Plaintiff's Motion to Amend is untimely and will be denied."); *U.S. ex rel. O'Connell v. Chapman University*, 245 F.R.D. 652 (C.D.Cal.2007) (sanction of an

---

[5] *Brooks v. Eclipse Recreational Vehicles, Inc*., 2009 WL 1616017 (D.Ariz. 2009) (good cause not shown to modify scheduling order, untimely request for leave to file amended complaint denied).

award of attorney's fees in the amount of $5,805.00 imposed under Rule 37(c) for plaintiff's untimely expert disclosure and noncompliance with Rule 26(a)(2)(B)).

If, however, a district court is inclined to strike a party's expert witness as a sanction due to the untimely disclosure of the expert or expert's report, the Ninth Circuit instructs that district courts consider the following factors: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions." *Lindner*, 249 F.R.D. at 642 (quoting *Wendt v. Host Int'l, Inc*., 125 F.3d 806, 814 (9th Cir. 1997)).

## DISCUSSION

Here, Defendants' arguments for the timing of their expert's disclosure and her report flies in the face of the purpose of the mandatory expert disclosure requirements delineated in Rule 26(a)(2) and the plain, ordinary language of the March 17, 2009 scheduling order. Whether intentional strategy or not, Defendants' disclosure of their expert on the last of the three dates ensured Plaintiff could not offer rebuttal opinions to Defendants' expert at trial. Perhaps citing both Rule 26(a)(2)(B) and Rule 26(a)(2)(C)(ii) with the May 15 expert deadline may have improved the order's clarity by stating the obvious that Defendants' expert rebuttal must be disclosed by this date. Nevertheless, the scheduling order makes plain that the word "**Defendants**" is only used in that portion of the scheduling order addressing expert disclosures required by Friday, May 15, 2009. (docket # 81 at 3) Considering that Defendants concede they do not intend to use expert testimony to help prove their counterclaims, Defendants' requested proposal for the disclosure of expert witnesses 30 days apart in their First Amended Joint Proposed Case Management Plan, docket # 79, and the detailed discussions with both counsel about the sequencing of expert disclosures at the Rule 16 scheduling conference, the Court concludes Defendants violated the Court's scheduling order by disclosing Decker and her report on June 15, 2009, instead of May 15, 2009. There is no substantial justification for this violation and it certainly was not harmless to Plaintiff because, unless remedied,

Plaintiff cannot offer rebuttal opinions to Defendants' expert opinion testimony at trial.

Having found a violation of both the letter and spirit of the scheduling order, the Court turns to the question of the appropriate remedy. After reviewing each of the five *Wendt* factors: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions, the Court finds that total preclusion of Defendant's expert witness is unduly harsh and unwarranted. *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997) Although the first two factors favor preclusion, the last three factors favor a lesser sanction. Specifically, the prejudice to Plaintiff due to Defendants' untimely disclosure can be ameliorated by the Court's orders entered herein without extending the remaining deadlines in the scheduling order. Additionally, sanctions other than preclusion are available and would be more just considering the gravity of the violation. Due to Defendants' claim that expert witness Decker is solely a rebuttal witness, and following the lead of the Magistrate Judge in *U.S. ex rel. O'Connell*, 245 F.R.D. at 656, the Court will preclude Defendants' use of expert witness Decker in any capacity other than as a rebuttal witness.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an order precluding Defendants' use of Linda Decker as an expert witness is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' expert witness Linda Decker may only testify as a rebuttal expert, *i.e.*, she cannot testify in Defendants' case-in-chief if Plaintiff's expert does not testify in Plaintiff's case-in-chief. If Linda Decker testifies at trial for Defendants, she may only offer testimony to contradict or rebut the testimony of Plaintiff's expert on the same subject matter and may not offer expert testimony on any other subject. In other words, Defendants' expert witness is not permitted to offer any opinions independent of rebuttal testimony.

**IT IS FURTHER ORDERED** pursuant to Rule 37(c)(1)(A), FED.R.CIV.P.,

awarding to Plaintiff its reasonable attorneys' fees incurred in urging the subject motion. Plaintiff shall timely file with the Clerk of the Court an Attorney's Fees Affidavit, consistent with LRCiv 54.2(d)(4) and (e), by **Friday, September 18, 2009**. Defendants may file Objections to Plaintiff's Affidavit by **Friday, October 9, 2009**. Plaintiff may file a Reply by **Monday, October 19, 2009**. Absent good cause shown, the failure to timely file the subject Affidavit or Objections may result in the summary denial or award of the requested attorneys' fees.

Dated this 7th day of August, 2009.

Lawrence O. Anderson
United States Magistrate Judge