1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AZ Holding, L.L.C., a North Dakota limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Thomas C. Frederick and Christine J. Cobb, husband and wife; RBW Consultants, Inc., an Arizona corporation; and Bumaro, L.L.C., an Arizona limited liability company,<br><br>Defendants.<br>_____<br>Thomas C. Frederick and Christine J. Cobb, husband and wife; RBW Consultants, Inc., an Arizona corporation; Bumaro, L.L.C., an Arizona limited liability company,<br><br>Counterclaimants,<br><br>vs.<br><br>AZ Holding, L.L.C., a North Dakota limited liability company,<br><br>Counterdefendant.<br>_____ | No. CV-08-0276-PHX-LOA<br><br>**ORDER** |

This matter arises on Plaintiff's Motion to Continue the Close of Discovery by Thirty Days, filed on September 2, 2009. (docket # 102) Plaintiff seeks a modification of the March 17, 2009 Scheduling Order, docket # 81, by "extend[ing] the date by which discovery must be completed from October 14, 2009 to November 20, 2009," and extending the

deadline for the "filing of dispositive motions . . . from November 20, 2009 to December 21, 2009 and the filing of cross-motions for summary judgment from Monday, December 21, 2009 to January 22, 2010." (*Id*. at 1-2) Plaintiff's justification for the requested modifications is the "unanticipated change" to Plaintiff's trial schedule in another case that was "rescheduled from commencing on August 4, 2009 to instead commencing now on September 15, 2009 and concluding on October 2, 2009." (*Id*. at 2) Because of rapidly approaching deadlines, the Court will expedite its ruling *sua sponte* prior to receiving Defendants' response.

The Court will not repeat the historical details of this lawsuit described in its August 10, 2009 Order which precluded Defendants' use of their expert witness in any capacity other than as a rebuttal witness due to Defendants' non-compliance with the same Scheduling Order Plaintiff now seeks to modify. In the August 10, 2009 Order, the Court wrote:

> At the March 17, 2009 scheduling conference, the Court stressed to all counsel that due to the 13-month delay since the filing of this lawsuit, the deadlines in the Scheduling Order were real, firm, and, consistent with the undersigned's responsibilities mandated by Congress in the Civil Justice Reform Act of 1990, 28 U.S.C. §471 *et seq*., would not be altered "except upon a showing of good cause and by leave of the assigned trial judge." (docket # 81 at 2)

(docket # 99 at 2-3) (footnote omitted). The Rule 16 Scheduling Order made clear that its deadlines are "to be taken seriously," citing *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). (*Id*. at 3) Moreover, the agreed-upon Rule 16 deadlines are equally real and firm to a plaintiff as they are to a defendant and will be applied evenly by the district court. The Court is sympathetic that calendar conflicts may often arise that require coordinating trial settings with a busy trial lawyer's responsibilities in others cases, and perhaps the assistance of other lawyers in the firm. Plaintiff's counsel's firm enjoys "more than 400 attorneys practicing in eight offices throughout the western United States and Mexico . . . ."[1] Clearly, qualified legal help is readily available to Plaintiff's counsel. This case has been

---

[1] See, www.swlaw.com/aboutus/

pending since February, 2008. Further delay in this case is neither warranted nor justified.

Good cause not appearing,

**IT IS ORDERED** that Plaintiff's Motion to Continue the Close of Discovery by Thirty Days, docket # 102, is **DENIED**.

Dated this 3rd day of September, 2009.

_____
Lawrence O. Anderson
United States Magistrate Judge