**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AZ Holding, L.L.C., a North Dakota limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>Thomas C. Frederick and Christine J. Cobb, husband and wife; RBW Consultants, Inc., an Arizona corporation; and Bumaro, L.L.C., an Arizona limited liability company,<br><br>    Defendants.<br>_____<br>Thomas C. Frederick and Christine J. Cobb, husband and wife; RBW Consultants, Inc., an Arizona corporation; Bumaro, L.L.C., an Arizona limited liability company,<br><br>    Counterclaimants,<br><br>vs.<br><br>AZ Holding, L.L.C., a North Dakota limited liability company,<br><br>    Counterdefendant.<br>_____ | No. CV-08-0276-PHX-LOA<br><br>**ORDER** |

This matter arises on Plaintiff's Motion to for Leave to File Second Amended Complaint, filed on September 3, 2009. (docket # 103) Defendants have not filed a response despite having a reasonable opportunity to do so. (docket # 106) Because good cause exists and Defendants have not demonstrated any prejudice if the amendment is allowed, the Court

will grant Plaintiff's Motion.

**BACKGROUND**

The Court is called upon for the third time since June, 2009 to modify the March 17, 2009 Scheduling Order. (docket ## 88, 102, 103) The Court will not repeat the history of this litigation except as relevant to address the pending amendment motion.

Plaintiff commenced this litigation on February 12, 2008, alleging in its first Complaint claims of "breach of contract, violation of the Arizona Trade Secrets Act, breach of the covenant of good faith and fair dealing, unfair competition, and intentional interference with business relationships." (docket ## 3 at 8-9, 1) On October 24, 2008, Plaintiff sought leave of the Court to file a First Amended Complaint. (docket # 44) In that Motion, Plaintiff represented

> new problems have developed that require the Court's intervention. Specifically, [Plaintiff] notified Defendants on June 5, 2008 that it intended to exercise its option under the parties' Lease Agreement to purchase the real property on which the business operates and that is owned by BUMARO, LLC. [Plaintiff] has repeatedly notified Defendants that it intended to close the purchase transaction as of October 31, 2008. As of the date of the filing of this Motion, Defendants have raised meritless objections and have unduly delayed and interfered with the exercise of this purchase option by [Plaintiff]. Under the Lease Agreement, [Plaintiff] is obligated to pay $30,000.00 per month. The proposed amendment seeks a declaratory judgment as to [Plaintiff's] right to exercise the purchase option and to compel specific performance, if necessary, and [Plaintiff] also seeks an order crediting to the purchase price the $30,000.00 payments made under protest in November 2008 and thereafter.

*Id.* at 2. District Judge Roslyn O. Silver granted the first amendment motion. (docket ## 46, 51) After Plaintiff filed its First Amended Complaint on November 17, 2008, Defendants answered and counterclaimed. (docket ## 52, 73) Plaintiff's First Amended Complaint "assert[ed] claims for specific performance (Count I), breach of the implied covenant of good faith and fair dealing (Count II); and declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq*. (Count III)." (docket ## 56 at 2, 52) Nearly a year after this lawsuit began, the parties expressly consented to magistrate-judge jurisdiction pursuant to 28 U.S.C. §636(c) with the approval of Judge Silver. (docket ## 63, 70) At the time the case was reassigned, the Rule

16 scheduling conference had not yet been held.

On February 26, 2009, the Court denied Plaintiff's second Application for Preliminary Injunctive Relief, docket ## 61-62, wherein Plaintiff sought an order of specific performance compelling Defendants to convey to Plaintiff the real property in dispute. (docket # 77) Shortly thereafter, the Court conducted the Rule 16 scheduling conference on March 17, 2009. (docket # 78)

At the scheduling conference, the Court emphasized to all counsel that due to the 13-month delay since the filing of this lawsuit, the deadlines in the Scheduling Order were real, firm, and, consistent with the undersigned's responsibilities mandated by Congress in the Civil Justice Reform Act of 1990, 28 U.S.C. §471 *et seq.*, would not be altered except "upon a showing of good cause and by leave of the assigned trial judge." (docket # 81 at 2) (footnote in original omitted). The Scheduling Order established a **March 31, 2009** deadline for "[f]iling motions to amend pleadings" and cited in footnote one the controlling Ninth Circuit case on amendment of pleadings, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) ("once scheduling order is filed pursuant to Rule 16(b), the good cause standard controls over the Rule 15(a) standard."). (docket # 81 at 2) (emphasis in original).

It is obvious Plaintiff's Motion for Leave to File Second Amended Complaint was written by an attorney unfamiliar with the March 17, 2009 Scheduling Order or federal law. (docket # 103) Plaintiff's Motion wholly fails to address the good-cause standard and relies upon the inapplicable Rule 15(a) standard that amendment "shall be freely given when justice so requires." (*Id.* at 4) Significantly, however, the proposed Second Amended Complaint does not attempt to add new parties, does not allege new theories of liability, and does not reurge an extension of the October 14, 2009 discovery deadline.[1] Plaintiff's Motion informs the Court that it is requesting (1) only a change in its breach-of-contract remedy in its prayer for relief from specific performance to one of compensatory damages for the injury

---

[1] Plaintiff's recent attempt to extend the discovery deadline was denied on September 3, 2009. (docket # 103)

- 3 -

suffered as a result of Defendants' alleged breach, and (2) adding additional facts that have occurred, and could not have been foreseen, since the First Amended Complaint was filed on November 17, 2008. (*Id*. At 2, 4) Plaintiff asserts that because Defendants refused to sell the subject real property pursuant to Plaintiff's multiple attempts to exercise its option to purchase, Plaintiff is now relieved of its obligations under the parties' lease agreement. Consequently, Plaintiff vacated the subject property on or about August 1, 2009, refuses "to pay inflated monthly lease payments of $30,000," and no longer seeks to exercise its right to purchase, but rather, now seeks, among other relief, damages as a result of Defendants' breaches. (*Id*. at 3, 4)

## **RULE 16 SCHEDULING ORDER**

"Federal Rule of Civil Procedure 16 vests the district court with early control over cases 'toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery.'" *In re Arizona*, 528 F.3d 652, 657 (9th Cir. 2009), *cert. denied*, ___ S.Ct. ___, 2009 WL 1738654 (2009) (quoting Fed. R. Civ. P. 16 advisory committee's note, 1983 Amendment). "Rule 16 further recognizes the inherent power of the district court to enforce its pretrial orders through sanctions, Fed. R. Civ. P. 16(f), and the discretion of the [trial] judge to apply an appropriate level of supervision as dictated by the issues raised by each individual case." *Id*. (citing, e.g., Fed. R. Civ. P. 16(c)(2)). Rule 16(b)(3)(A) requires the district court to include in its scheduling order a deadline or other time limitation on amending the pleadings. Rule 16(b)(3)(A), FED.R.CIV.P., ("Required Contents. The scheduling order must limit the time to join other parties, *amend the pleadings*, complete discovery, and file motions.") (emphasis added).

**A. Motion to Amend Complaint**

Normally, attempts to amend complaints before the Federal Rule of Civil Procedure 16 scheduling order's deadline are addressed under Rule 15, but where an amendment would require an extension of the scheduling order deadlines, Rule 16's good-cause standard is considered first. *Janicki Logging Co.*, 42 F.3d 561, 566 (9th Cir. 1994) (citing *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607-609 (9th Cir. 1992)).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b) [(4)]'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609; *Noyes v. Kelly Svcs.*, 488 F.3d 1163, 1174 n. 6 (9th Cir. 2007). "If the party seeking to amend were unable to comply with the deadline despite that party's diligence, the Court may modify the schedule." *Cano v. Schriro*, 236 F.R.D. 437 (D.Ariz. 2006) (citing *Johnson*, 975 F.2d at 608), *affirmed by* 269 Fed.Appx. 755 (9th Cir. 2008). "The inquiry ends, however, if the party seeking the amendment has not shown diligence." *Id*. Once good cause is shown for purposes of Rule 16(b), the moving party must also demonstrate that amendment would be proper under Rule 15. *Johnson*, 975 F.2d at 609.

Generally, to meet the burden of Rule 16's "good cause" standard, the movant must show:

> (1) that [movant] was diligent in assisting the Court in creating a workable Rule 16 order [citation omitted]; (2) that [movant's] noncompliance with a Rule 16 deadline occurred . . . notwithstanding [the movant's] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference [citation omitted]; and (3) that [movant] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [movant] could not comply with the order [citation omitted].

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D.Cal. 1999). The district court may also deny a motion for leave to amend if permitting an amendment would, among other things, cause an undue delay in the litigation or prejudice the opposing party. *Zivkovic v. So. Ca. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990)); *Cano*, 236 F.R.D. at 439 ("The existence of prejudice to the opposing party might 'supply additional reasons to deny a motion [to amend complaint][,]'" brought four months after the scheduling order's amendment deadline expired.).

## **DISCUSSION**

Despite Plaintiff's misreading, at best, the March 17, 2009 Scheduling Order's standard for amendment and the passage of more than five months after the amendment deadline, the Court concludes that Plaintiff has shown that good cause exists to allow the

amendment. The proposed Second Amended Complaint does not attempt to add new parties, does not allege new theories of liability, but simply changes Plaintiff's breach-of-contract remedy from specific performance to one of compensatory damages for Plaintiff's economic injury suffered as a result of Defendants' alleged breaches of the parties' agreements. Clearly, all parties participated in good faith in assisting the Court in creating a workable Rule 16 order in March, 2009. Additionally, Plaintiff was reasonably diligent in seeking leave of the Court to amend by filing its motion only one month after it walked away from the subject premises while discovery is still open. The fact that discovery is on-going is significant because Plaintiff may properly disclose and supplement its alleged damages and Defendants may test the validity and calculation of Plaintiff's damages by cross examination. Further, allowing the amendment will not result in a modification of the Scheduling Order regarding the discovery and dispositive motion deadlines nor cause additional delay in this litigation. Importantly, Defendants have not shown any prejudice would result if the requested amendment were allowed. In fact, Defendants, by electing not to oppose the motion, may believe they are in a better legal position after the amendment because, as owners of the property, they may now lease or sell the property to someone else without the concern that one day they may be forced to transfer the property to Plaintiff. Finally, significant prejudice may result to Plaintiff if the amendment were denied because Plaintiff would be in the anomalous position of seeking only the breach-of-contract remedy of specific performance to compel transfer of real property that it may not want anymore or that may be worth much less now than its agreed-upon value in mid-2007.

Accordingly,

///
///
///
///

**IT IS ORDERED** that Plaintiff's Motion to for Leave to File Second

Amended Complaint, docket # 103, is **GRANTED**. Pursuant to LRCiv 15.1(c), Plaintiff's Second Amended Complaint, docket # 104, lodged on September 3, 2009, shall be deemed filed on the date this order granting leave to amend is docketed by the Clerk.

Dated this 21st day of September, 2009.

Lawrence O. Anderson
United States Magistrate Judge