**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AZ Holding, L.L.C., a North Dakota limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Thomas C. Frederick and Christine J. Cobb, husband and wife; RBW Consultants, Inc., an Arizona corporation; and Bumaro, L.L.C., an Arizona limited liability company,<br><br>Defendants.<br>_____<br>Thomas C. Frederick and Christine J. Cobb, husband and wife; RBW Consultants, Inc., an Arizona corporation; Bumaro, L.L.C., an Arizona limited liability company,<br><br>Counterclaimants,<br><br>vs.<br><br>AZ Holding, L.L.C., a North Dakota limited liability company,<br><br>Counterdefendant.<br>_____ | No. CV-08-0276-PHX-LOA<br><br>**ORDER** |

This matter is before the Court on review of the Affidavit of AZ Holding, L.L.C. ("Plaintiff") for Attorneys' Fees. (dockets # 100, 101) In an August 10, 2009 Order, the Court awarded Plaintiff its reasonable attorneys' fees incurred in connection with Defendants' untimely expert disclosure as a sanction pursuant to Fed.R.Civ.P.

37(c)(1)(A). (docket # 99) The Court directed Plaintiff to file an Attorneys' Fees Affidavit and permitted a response and a reply. (docket # 99) The parties have fully briefed the attorneys' fees issue and, after review of those materials, the Court will award Plaintiff attorneys' fees in the amount of $5,924.00.

Plaintiff's Attorneys' Fees Affidavit (docket # 101) itemizes Plaintiffs' attorneys' fees related to urging its June 19, 2009 Motion for Telephonic Conference, which the Court construed as a motion to preclude Defendants' expert witness, Linda Decker, from testifying at trial or in response to a dispositive motion. (docket # 99 at 1-2)

Defendants filed a response to the Attorneys' Fees Affidavit. (docket # 148) Defendants response, however, does not oppose, or even discuss, the substance of Plaintiff's attorneys' fees affidavit. Rather, Defendants raise an issue unrelated to the Court's August 10, 2009 Order and to the Attorneys' Fees Affidavit. Specifically, rather than addressing the substance of Plaintiff's Attorneys' Fees Affidavit, Defendants argue that Plaintiff is not entitled to attorneys' fees because Plaintiff, too, has violated the Scheduling Order by failing to comply with the September 11, 2009 disclosure deadline. (docket # 148) The Court disagrees with Defendants' interpretation of the Scheduling Order.

The Scheduling Order directs the parties to disclose "known witnesses, exhibits, and other matters," by September 11, 2009. (docket # 81 at 3) The Scheduling Order notes that this disclosure requirement "supercedes the '30-day before trial' disclosure deadline contained in Fed.R.Civ.P. 26(a)(3)." (docket # 81 at 3) Defendants interpret the Scheduling Order as requiring the parties to file with the Court their final list of witnesses and exhibits by September 11, 2009. Defendants have misinterpreted the Scheduling Order. The Scheduling Order does not require the filing of final witness and exhibit lists by September 11, 2009. Such a requirement would not make sense because the discovery deadline was not scheduled to close for more than 30 days later on October 14, 2009 and no trial date has been set.

Consistent with the Scheduling Order, Plaintiff disclosed all *known* witnesses and exhibits on September 11, 2009 by mailing their Fourth Supplemental Disclosure Statement. (docket # 148, Exh. 1) Because discovery had not yet closed as of September 11, 2009, Plaintiff also disclosed certain categories of exhibits which were not yet specifically identified due to the pending discovery. (*Id.*) Contrary to Defendants' assertion, Plaintiff complied with the Scheduling Order's September 11, 2009 disclosure deadline. Accordingly, Defendants' objections lack merit.

After review of the relevant briefing, the Court will award Plaintiff its attorneys' fees in the amount of $5,924.00, which includes the two hours incurred in preparing the reply to Defendants' Objections to Attorneys' Fees Affidavit. (*see* dockets # 101, # 149) Defendants did not raise any objections to the substance of Plaintiffs' fee request and the Court finds those fees are reasonable.

Having considered Plaintiff's Attorneys' Fees Affidavit, docket # 101, submitted in response to the Court's August 10, 2009 Order (docket # 99) and the related briefing,

**IT IS ORDERED** awarding attorneys' fees in favor of Plaintiff AZ Holding, L.L.C. in the amount of $5,924.00 and against Defendants, which shall be paid by check made payable to AZ Holding, L.L.C. and delivered to Plaintiff's counsel on or before **Tuesday, January 19, 2010.** Defendants shall pay the attorneys' fees sanction in full by **Tuesday, January 19, 2010**, or Plaintiff may seek further sanctions, including dismissal with prejudice of Defendants' counterclaims.

Dated this 19th day of November, 2009.

_____
Lawrence O. Anderson
United States Magistrate Judge