**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AZ Holding, L.L.C., a North Dakota limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Thomas C. Frederick and Christine J. Cobb, husband and wife; RBW Consultants, Inc., an Arizona corporation; and Bumaro, L.L.C., an Arizona limited liability company,<br><br>Defendants.<br>_____<br>Thomas C. Frederick and Christine J. Cobb, husband and wife; RBW Consultants, Inc., an Arizona corporation; Bumaro, L.L.C., an Arizona limited liability company,<br><br>Counterclaimants,<br><br>vs.<br><br>AZ Holding, L.L.C., a North Dakota limited liability company,<br><br>Counterdefendant.<br>_____ | No. CV-08-0276-PHX-LOA<br><br>**ORDER** |

On November 23, 2009, Defendants filed their Controverting and Supplemental Statement of Facts etc. and Response to Motion of Plaintiff for Partial Summary Judgment. (docket ## 156-157) Upon review of these filings, the Court concludes they were not properly filed electronically in text-searchable .pdf format and, therefore, they do not comply

with this District Court's Local Rules and its ECF Manual. See, LRCiv 5.5(b) and definition of ".pdf," ECF Manual, at I(A), p. 2. In the Court's March 17, 2009, the Court entered a specific order that "[a]ll pleadings, motions, memorandum or other filings in this case shall be created via personal computer with a word processing application, e.g., Microsoft Word® or Corel WordPerfect®, then converted to portable document format (.pdf) . . . ." (docket # 81 at 5)  In fact, the Court even ordered Defendants' new counsel to comply with this specific ECF requirement when it authorized the substitution of counsel less than three weeks ago. (docket # 154 at 2)

Compliance with the District Court's LRCiv 5.5(b)[1] and the ECF Manual in this regard is not a petty requirement. Improperly filing briefs in non-text searchable format precludes judges, law clerks and adverse counsel from highlighting a portion of a brief and copying it onto another document or order. Thus, improper formatting forces judges, law clerks and adverse counsel to unnecessarily  retype the portion of the brief to be quoted or referenced and creates unnecessary delay in the creation of orders and responsive briefs. Compliance is not optional.

On the Court's own motion,

**IT IS ORDERED** that Defendants' Controverting and Supplemental Statement of Facts etc. and Response to Motion of Plaintiff for Partial Summary Judgment,  docket ## 156-157, are **STRICKEN** without prejudice.

---

[1] Local Rule 5.5(b) provides:

> Filing of Documents Electronically. The Court will accept for filing documents submitted, signed or verified by electronic means consistent with these rules and the Administrative Manual. Filing of documents electronically in compliance with these rules and the Administrative Manual will constitute filing with the Court for purposes of Rule 5(e) of the Federal Rules of Civil Procedure.

LRCiv 5.5(b). Local rules are "laws of the United States," *United States v. Hvass*, 355 U.S. 570, 575 (1958), "have the force of law[,] are binding upon the parties and upon the court." *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (internal quotation marks omitted).

**IT IS FURTHER ORDERED** that Defendants shall refile their Controverting and Supplemental Statement of Facts etc. and Response to Motion of Plaintiff for Partial Summary Judgment, on or before **Tuesday, December 1, 2009** which shall be substantively identical to its November 23, 2009 filings but it shall comply in all respects with this Order, the Local Rules, the ECF Manual or Defendants' Controverting and Supplemental Statement of Facts etc. and Response to Motion of Plaintiff for Partial Summary Judgment may not be considered *vis a vis* Plaintiff's Motion for Partial Summary Judgment.

**IT IS FURTHER ORDERED** that, except as set forth herein, all Defendants' pleadings, motions, memoranda, or other filings in this case shall be created via personal computer with a word processing application, e.g., Microsoft Word® or Corel WordPerfect®, then converted to portable document format (.pdf). See, definition of ".pdf," ECF Manual, at I(A), p. 2. ("[E]lectronic documents must be converted to .pdf directly from a word processing program (e.g., Microsoft Word® or Corel WordPerfect®) and must be text searchable."). Such filings shall not be printed to paper and then scanned and saved as portable document format (.pdf). Documents which exist only in paper form, like exhibits or certain attachments to pleadings may, however, be scanned from a paper copy and saved in a portable document format (.pdf).

**IT IS FURTHER ORDERED** that Plaintiff's Reply, if any, shall be filed on or before **Friday, December 18, 2009**.

Dated this 24th day of November, 2009.

Lawrence O. Anderson
United States Magistrate Judge