**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AZ Holding, L.L.C., a North Dakota limited liability company,<br><br>            Plaintiff,<br><br>vs.<br><br>Thomas C. Frederick and Christine J. Cobb, husband and wife; RBW Consultants, Inc., an Arizona corporation; and Bumaro, L.L.C., an Arizona limited liability company,<br><br>            Defendants.<br>_____<br>Thomas C. Frederick and Christine J. Cobb, husband and wife; RBW Consultants, Inc., an Arizona corporation; Bumaro, L.L.C., an Arizona limited liability company,<br><br>            Counterclaimants,<br><br>vs.<br><br>AZ Holding, L.L.C., a North Dakota limited liability company,<br><br>            Counterdefendant.<br>_____ | No. CV-08-0276-PHX-LOA<br><br>**ORDER** |

On August 6, 2010, Plaintiff filed a Motion to Vacate Portion of the Arbitration Award, Confirm the Remainder, and Award Plaintiff Its Attorneys' Fees and Expenses Incurred in Arbitration and Motion for an Award of Attorney's Fees and Related Non-Taxable Expenses. (Docs. 178-179)  On October 28, 2010, Plaintiff also

filed a document entitled Notice of Submitting Copy of Related Malpractice Complaint, doc. 186, which the Court construed as a motion for leave to supplement the record on the grounds of newly-discovered evidence that generated another round of briefing.

Having reviewed all briefing related to Plaintiff's pending motions, including the Final Arbitration Award and briefing on Plaintiff's motion for leave to supplement the record on the grounds of newly discovered evidence, the Court will deny Plaintiff's motions and confirm the Final Arbitration Award.

**I. Background**

This lawsuit was filed on February 12, 2008 as a result of a commercial dispute arising out of the sale of a modular building business and lease containing an option to buy the business' office building. (Docs. 1, 56) On June 15, 2007, Plaintiff AZ Holding, LLC ("Plaintiff") purchased three corporations from Defendants Frederick and Cobb ("Defendants"), husband and wife, co-founders of the business,[1] and another individual.[2] The three related corporations that Plaintiff purchased were Ameri-Fab, Inc., American Modular Service, Inc., and Amerimod Transport, Inc. (*Id*. at 5) In connection with the sale, the parties contemporaneously entered into four agreements - Asset Purchase and Sale Agreement, Consulting Agreement, Lease Agreement, and Non-Competition and Confidentiality Agreement. (*Id*.)

All parties consented to magistrate-judge jurisdiction pursuant to 28 U.S.C. §636(c). (Docs. 63, 70)

In the Asset Purchase and Sale Agreement ("APA"), the parties agreed to binding arbitration. (Doc. 159 at 3) Section 9.12 of the APA requires that the parties resolve by arbitration:

> [A]ny disagreement, Claim, demand, controversy, or dispute (collectively "Dispute") in any way arising out of or relating to [the APA] and its

---

[1] The Defendants are Thomas C. Frederick, Christine J. Cobb, RBW Consultants, Inc. and Bumaro, L.L.C.

[2] Former shareholder, Marci Mitchell, is not a party to this lawsuit.

>performance or alleged breach, whether dispute by agreement, whether involving questions of law or fact or both and regardless of the nature thereof or the remedy therefore, which is not settlement by agreement of the parties . . . .

(Docs. 1, Exhibit ("Exh") 1 at 2-33; 167, Exh A at 31). The parties' arbitration agreement provides that "the decision of the arbitrator(s) shall be final and judgment thereon may be entered in any court of competent jurisdiction." (Doc. 167, Exh A at 31-32) After nearly two years of active litigation, without notice to the Court of the existence of the parties' contractual arbitration agreement, the Court ordered arbitration of all claims and counter-claims subsequent to its disclosure and briefing on the issue. (Doc. 177)

The parties agreed to attorney Gary L. Birnbaum ("Arbitrator") as the sole arbiter of their disputes. (Doc. 182 at 2) The arbitration hearing was held over two days on May 20-21, 2010. (Doc. 178 at 2) The Final Arbitration Award was entered on July 19, 2010. (*Id.*, Exh A at 2-16) In his 16-page well-reasoned analysis and ruling, the Arbitrator concluded:

>(i) [Plaintiff] was entitled to exercise the Purchase Option in June, 2008;
>
>(ii) Tenant ([Plaintiff] or its affiliate) validly exercised the Purchase Option;
>
>(iii) Even if the exercise was not properly noticed, [Defendants are] equitably estopped from claiming and/or has otherwise waived the claim that such notice is defective;
>
>(iv) There was no requirement for Tenant [Plaintiff] to pay rent for the entire Lease term if the Premises were purchased pursuant to the Purchase Option;
>
>(v) [Defendants] breached the Lease Agreement;
>
>(vi) As a result of Landlord's breach, [Plaintiff] was relieved of further performance under the Lease Agreement, including the payment of rent;
>
>(vii) [Plaintiff] is not obligated to pay City rental (privilege) taxes except to the extent previously paid;
>
>(viii) [Plaintiff] is entitled to recover its taxable costs in the amount of $2,373.26;
>
>(ix) [Plaintiff] and [Defendants] are each entitled to recover damages only as described above and as more specifically described in the Arbitration Award;

- 3 -

> (x) Each party shall bear/pay one-half of the Arbitrator's fees; and
>
> **(xi) Each party shall bear his/her/its own attorney's fees and his/her/its costs and expenses, unless otherwise expressly provided in this Award.**

(*Id*. at 15-16) (emphasis added). The Final Arbitration Award modified a preliminary arbitration award regarding minor technical errors and denied Plaintiff's request for excess rent paid and most of Plaintiff's taxable costs. (Doc. 182, Exh C, ¶¶ 50-60 at 13-14). After making the corrective modifications, the Final Arbitration Award ordered, *inter alia*, Plaintiff to pay the Defendants a total of $37,471.00 in damages and Defendants to pay Plaintiff a total of $49,404.00[3] in damages which includes copying expenses. (Doc. 182 at 4; Exh C, ¶¶ 50-58 at 13-14)

The Arbitrator expressly acknowledged in the Final Arbitration Award the difficulty in deciding the issue of attorneys' and arbitrator's fees, "recogniz[ing] that such fees may total hundreds of thousands of dollars." (Doc. 182, Exh C, ¶ 61 at 15) In paragraph 62, the Arbitrator explained his final decision that, except for certain taxable expenses awarded to Plaintiff, each side should bear their own attorneys' fees, costs and expenses.

> 62. It is likely here that had [Defendants] not insisted on payment or assurance of payment of the rent for the entire term of the Lease Agreement regardless of the exercise of the Purchase Option, this arbitration would never have been filed and the sale of the Premises (pursuant to the Purchase Option) would have been timely concluded. Since the Arbitrator has found that [Defendants'] position was not justified and that the refusal to close was a breach of the Lease Agreement, [Plaintiff] is the "prevailing party" with respect to those issues. [Plaintiff] is not obligated to pay any additional rent.
>
> On the other hand, the Lease Agreement does not state unambiguously that rent ceases upon exercise of the Purchase Option (or on passage of title); it does not provide any time period for closing; it likely imposes City sales tax payment obligations upon [Defendants] only because [Plaintiff's] counsel was not aware of such taxes (Testimony of David Hauff) or the customary allocation in this jurisdiction. Similarly, the "integration" provision of the APA is not a model of clarity. Nor is there any explanation

---

[3] In response to the Letter Notice, the Arbitrator increased the total damages award to Plaintiff by $2,012.70 for copying costs. (Doc. 182 at 4, n. 1) Plaintiff contends, however, that the Arbitrator awarded Plaintiff a total of $49,260.89. (Doc. 178 at 4)

- 4 -

> anywhere of the reason(s) for the "excess rent" provision in the Lease Agreement. While there was "negotiation" and some exchange of drafts, [Plaintiff's] counsel was principally responsible for the preparation of these documents and [Plaintiff's] accountant was principally responsible for all "allocations." In these circumstances, and in light of the foregoing rulings and obligations (and without consideration of the impact of market conditions on [Defendants], who apparently still owns the Premises), the Arbitrator declines to award attorney's fees to either party and further finds that each party should bear/pay one-half of the Arbitrator's fees in this case.

(*Id.*)

In its Motion to Vacate Portion of the Arbitration Award, Confirm the Remainder, and Award Plaintiff Its Attorneys' Fees and Expenses Incurred in Arbitration, Plaintiff requests that the Court vacate the Final Arbitration Award to the extent it fails to award attorneys' fees and arbitration expenses to Plaintiff. Plaintiff alleges that it is entitled to an award of its attorneys' fees and arbitration costs as the prevailing party in the arbitration. (Doc. 178) Defendants deny Plaintiff is the prevailing party and point out that "the Commercial Arbitration Rules that govern the dispute between the parties pursuant to the Arbitration Clause of the APA give the Arbitrator discretion to apportion fees and costs in all events." (Doc. 182 at 2) Defendants contend that "[t]he Arbitrator properly exercised discretion in ordering each party to bear its own attorneys' fees and arbitration costs under the Final Arbitration Award." (*Id.*)

Plaintiff's October 28, 2010 Notice informs the Court that "Defendants filed an action in Maricopa County Superior Court, Cause No. CV2010-099916, against the law firm and attorney that represented them in connection with the asset sale in June 2007, Buchalter Nemer and Steven Fox, and against the attorney that represented them in this litigation from February 2008 through November 6, 2009, Brian Weinberger . . . ." (Doc. 186 at 2) Plaintiff apparently contends that the malpractice complaint, and Defendants' allegations contained therein against their former attorneys, are relevant, material, and should be considered by the Court in ruling on Plaintiff's Motion to Vacate Portion of the Arbitration Award, Confirm the Remainder, and Award Plaintiff Its Attorneys' Fees and Expenses Incurred in Arbitration and Plaintiff's Motion for an

- 5 -

1. Award of Attorney's Fees and Related Non-Taxable Expenses pending before the Court. Plaintiff's "fee motion details several reasons why an award of attorneys' fees in favor of [Plaintiff] is warranted in this case. The primary reason is the unjustified and unreasonable positions taken by Defendants in this litigation." (Doc. 186 at 1-2)  Plaintiff concludes with the argument that the allegations in the malpractice complaint confirm that "[w]hether this litigation was the fault of Defendants, or the fault of Defendants' attorneys . . . [Plaintiff] should be entitled to recover its attorneys' fees from Defendants." (*Id.* at 2)

## II. Arbitration

"The choice to forgo the federal courts in favor of arbitration results in decisions which are difficult to challenge because '[b]road judicial review of arbitration decisions could well jeopardize the very benefits of arbitration [.]'" *T-Mobile USA, Inc. v. Qwest Communications Corp.*, 2007 WL 3171428, * 2 (W.D.Wash. 2007) (quoting *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003) ("[A]rbitration is a dispute resolution process designed, at least in theory, to respond to the wishes of the parties more flexibly and expeditiously than the federal courts' uniform rules of procedure allow.  Proponents of arbitration cite its potential for speed and informality.") (citations omitted)).

Under the Federal Arbitration Act, a district court may vacate an arbitration award only:

> (1) where the award was procured by corruption, fraud or undue means; (2) where there was evident partiality or corruption on the part of the arbitrators; (3) where the arbitrators were guilty of misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. "While the court cannot review the merits of arbitration awards, the Ninth Circuit has adopted a narrow 'manifest disregard of the law' exception under which a procedurally proper arbitration award may be vacated." *Labor Ready Northwest, Inc. v. Crawford*, 2008 WL 1840749, * 2 (D.Or. 2008) (quoting *Collins v. D.R. Horton, Inc.*,

505 F.3d 874, 879 (9th Cir. 2007) (internal quotation marks omitted)).  Arbitrators do not "exceed their powers" when they misinterpret and misapply the law, but only when the award is "completely irrational," or exhibits a "manifest disregard of law." *Kyocera Corp.*, 341 F.3d at 997 (internal citations omitted).  Thus, "mere allegations of error are insufficient[,]" and "it must be clear from the record that the arbitrator[ ] recognized the applicable law and then ignored it." *Collins*, 505 F.3d at 879 (internal citation and quotation marks omitted).  Moreover, to rise to the level of manifest disregard "[t]he governing law alleged to have been ignored by the arbitrator[ ] must be well defined, explicit, and clearly applicable." *Id*. (emphasis in original). While the district court may conduct a very limited review of an arbitrator's legal conclusions, factual findings are not subject to the manifest disregard standard. *Id*.  Moreover, "[m]anifest disregard of the facts is not an independent ground for vacatur in this circuit."  *Coutee v. Barington Capital Group, L.P.*, 336 F.3d 1128, 1133 (9th Cir. 2003).

**III. Discussion**

Contrary to Plaintiff's argument that it was the prevailing party in this case, Plaintiff did not prevail on all of its claims against the Defendants.  As Defendants correctly articulate, this case involved numerous and complicated intertwined claims, counterclaims, issues, and causes of action arising out of contract. The Arbitrator found in favor of Plaintiff on the merits of certain claims and for the Defendants on others. For all practical purposes, the Final Arbitration Award resulted in a draw, awarding the Defendants damages in the amount of $33,471.00 on certain claims and Plaintiff damages in the amount of $47,391.30 on other claims litigated in the arbitration. With a net damages' award of less than $14,000.00 on a multi-million dollar claim, the Court agrees that under a qualitative analysis, Plaintiff is not the "prevailing party," terms which are undefined in the parties' arbitration agreement.

On Plaintiff's motion to supplement the record with the malpractice complaint as newly discovered evidence, Defendants demonstrate, and Plaintiff's own exhibit (letter, dated November 23, 2009) attached to its Reply confirms, that Plaintiff

- 7 -

was well-aware of the potential malpractice claim of the Defendants against their former counsel long before the May, 2010 arbitration. (Doc. 188)  In fact, Defendants point out that Plaintiff's counsel "sent a letter to Buchalter notifying Buchalter of a 'serious conflict of interest' under Ethical Rule 1.7(a) that existed concerning Buchalter's continued representation of the [Defendants] and urged Buchalter to end its representation of the [Defendants] and withdraw as counsel of record in this case. See Letter dated October 15, 2009 from Monica Limon-Wynn to Brian Weinberger and Steve Fox (the '10/15/09 Letter') attached to this Objection as Exhibit A. Through the 10/15/09 Letter, [Plaintiff] notified Buchalter, among other things, that 'the lease payment acceleration issue gives rise to a fairly obvious **malpractice** claim against Buchalter Nemer'." (*Id*., ¶ 6 at 4) (emphasis in original). The fact that Plaintiff may have been unaware at the time of the arbitration of confidential and privileged communications between Defendants and their former counsel until the recent filing of the malpractice lawsuit does not warrant reversal of a portion of the Final Arbitration Award.[4]  Most certainly, the malpractice complaint is not of "such magnitude that production of [it] earlier would have . . . *likely . . .* change[ed] the disposition of the case" or the Arbitrator's decision on attorneys' fees. *PageMasters, Inc. v. Oce-Technologies, B.V.*, 2007 WL 2696854 (D.Ariz. 2007) (emphasis added).  Moreover, Plaintiff has provided no authority why the malpractice lawsuit should be considered as newly discovered evidence by the District Court in the first instance rather than the Arbitrator as a basis to re-open the parties' arbitration

---

[4] "Relief from final judgment on the basis of newly discovered evidence under Rule 60(b)(2) 'is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *PageMasters, Inc. v. Oce-Technologies, B.V.*, 2007 WL 2696854 (D.Ariz. 2007) (quoting, *inter alia*, *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003)), appeal dismissed, 2007 WL 930714 (Fed.Cir., March 8, 2007). *Also see Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990)

hearing or set aside a portion of the arbitration award under either Rule 60(b)(2), Fed.R.Civ.P. ("newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"), or any other authority.

"The federal Arbitration Act provides the exclusive grounds for challenging an arbitration award within its purview." *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir. 1986) (citation omitted). "Newly discovered evidence does not justify vacation of an [arbitration] award." (*Id.* at 1339) (citation omitted). "Section 10 of the FAA outlines the grounds for vacating an arbitration award, see 9 U.S.C. § 10; 'newly discovered evidence' is not one of those grounds." *Congressional Securities, Inc. v. Fiserv Securities, Inc*., 2004 WL 829028, * 3 (S.D.N.Y. 2004) (citing *Grey v. FDIC*, 2002 WL 959564, at * 10 (S.D.N.Y. 2002) (finding court lacks power to review arbitration award on the basis of newly discovered evidence that was not before arbitrators)). "Absent a statutory basis for modification or vacatur, the district court has little choice but to confirm an arbitration award, as mandated by Section 9 of the FAA." (*Id.*)

**IV. Conclusion**

The Court concludes that the Arbitrator reasonably and justifiably exercised his sound discretion to decline to award Plaintiff its attorneys' fees, costs and all its expenses. The decision whether to award attorneys' fees to Plaintiff was solely for the Arbitrator to make, not the District Court. The Arbitrator's failure to award Plaintiff its attorneys' fees, costs and all its expenses is neither "completely irrational," or a "manifest disregard of law." *Kyocera Corp.*, 341 F.3d at 997.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Vacate Portion of the Arbitration Award, Confirm the Remainder, and Award Plaintiff Its Attorneys' Fees and Expenses Incurred in Arbitration and Motion for an Award of Attorney's Fees and Related Non-Taxable Expenses, docs. 178-179, are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants/Counterclaimants' request to confirm the Final Arbitration Award issued by the Arbitrator on July 19, 2010 is **GRANTED.** The Final Arbitration Award is hereby **CONFIRMED**.

**IT IS FURTHER ORDERED** that Defendants shall lodge a proposed Judgment, consistent with this order and the Final Arbitration Award, within ten (10) days of the entry of this order.

Dated this 29th day of November, 2010.

/s/ Lawrence O. Anderson
Lawrence O. Anderson
United States Magistrate Judge