**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| AZ Holding, L.L.C., a North Dakota limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>Thomas C. Frederick and Christine J. Cobb, husband and wife; RBW Consultants, Inc., an Arizona corporation; and Bumaro, L.L.C., an Arizona limited liability company,<br><br>    Defendants. | No. CV-08-276-PHX-LOA<br><br>**ORDER** |

This action arises on a post-judgment motion, entitled Non-Party Ameri-Fab, LLC's *Emergency* Motion to Quash Subpoenas Served On Its Customers and For Protective Order, requesting an order quashing four subpoenas that Defendants Thomas C. Frederick, Christine J. Cobb, RBW Consultants Incorporated, and Bumaro LLC (collectively "Fredericks"), judgment-creditors,[1] served upon Ameri-Fab, LLC's ("Ameri-Fab") customers. (Doc. 210) (emphasis in original). According to counsel who represents both AZ Holding and Ameri-Fab, Fredericks, alleged competitors of Ameri-Fab, "[a]re using the subpoena powers under Rule 45 for the improper purpose of obtaining valuable competitive and sensitive information from the customers of a non-party competitor." (*Id.*) Pursuant to Rule 26(c)(1),

---

[1] Attorneys' fees in the amount of $77,390 were awarded to Fredericks and against Plaintiff AZ Holding, LLC ("AZ Holding") by the Ninth Circuit. (Doc. 203 at 3)

Fed.R.Civ.P., Ameri-Fab seeks a protective order "[f]orbidding [Fredericks'] inquiry into matters concerning Ameri-Fab, and its business dealings and transactions with its customers." (*Id.*)

The Motion indicates Fredericks' subpoenas were served on the following entities: Mobile Mini, Inc., Pac Van Sales and Leasing, Modspace, and U.S. Modular. (*Id.* at 4) Ameri-Fab claims the "[d]ocuments and information sought in the subpoenas that were served on Ameri-Fab's customers [contain] information that would be competitively valuable to Mr. Frederick and his new company[,]" Arizona Modular, LLC, formed in June 2012. (*Id.* at 2, 4) As alleged competitors, Ameri-Fab claims Fredericks "[w]ill unfairly benefit from the sensitive and commercially valuable information requested in the subpoenas." (*Id.* at 4) Ameri-Fab's counsel asserts "Ameri-Fab has no confidence that its information or the information of its customers can be adequately protected if the customers and/or Ameri-Fab are forced to disclose it to Mr. Frederick." (*Id.* at 5)

According to the non-text searchable[2] Notices of Filing Proof of Service By Process Server, the subpoenas were served on September 27 and 30, 2013, commanding production of the documents on Monday, October 14, 2013, a legal holiday. (Docs. 206-09)

Under Rule 69(a)(2), Fed.R.Civ.P., a judgment creditor may obtain discovery from a judgment debtor. *See Lumber Liquidators, Inc. v. Sullivan*, 2012 WL 4464867, at *2 (C.D. Cal. Aug. 31, 2012). Rule 26(c)(1), however, authorizes that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." The party opposing disclosure has the burden of proving good cause, which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. *In re Roman Catholic Archbishop of Portland in Or.*,

---

[2] The Local Rules require these Notices be filed in text-searchable format. *See* LRCiv 7.1(c), 5.5(b), and definition of ".pdf," in the District Court's ECF Manual, at I(A), p. 4. Attorney Brian Weinberger has previously been ordered to file his documents in text-searchable format and comply with all the other Local Rules. *See* doc. 81 at 5-6. Future violations may result in sanctions.

- 2 -

661 F.3d 417, 424 (9th Cir. 2011) (as amended) (citation omitted), *cert. denied*, 132 S.Ct. 1867 (2012). District courts have broad discretion to decide when a protective order is appropriate and what degree of protection is required. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). "A party seeking to block relevant discovery bears the 'heavy' burden of showing why it should be denied." *Stott Outdoor Advertising v. County of Monterey*, 2007 WL 460647, at *1 (N.D. Cal. Feb. 7, 2007) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Phillips*, 307 F.3d at 1211-12.

"District courts have inherent power to control their docket." *Ready Transportation, Inc., v. AAR Manufacturing, Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citations and internal quotation marks omitted). This power includes the discretion to temporarily stay discovery pending briefing on a motion for protective order. *See Design Trend International Interiors, Ltd. v. Huang*, 2007 WL 2683790 (D. Ariz. Sept. 7, 2007) (the Court *sua sponte* temporarily stayed discovery until further briefing submitted); *Ameritel Inns v. Moffat Bros. Plastering, L.C.*, 2007 WL 1792323 (D. Idaho June 20, 2007) (staying most discovery pending court's ruling on dispositive motion); *Volmar Distributors, Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 41-42 (S.D.N.Y. 1993) (stay granted to avoid "additional expenses for the parties without expediting the discovery process"); *see also* Rule 1, Fed.R.Civ.P. Depending on the particular facts of the case, the court may decide to stay civil proceedings, postpone civil discovery, or impose protective orders. *See SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980), *cert. denied*, 449 U.S. 993 (1980).

On the Court's own motion; in order to adjudicate the subject Motion in an orderly, less expensive, and fair manner; and in the exercise of its wide discretion,

**IT IS ORDERED** that the production of all documents and other things subpoenaed by Defendants Thomas C. Frederick, Christine J. Cobb, RBW Consultants Incorporated, and Bumaro LLC, served on September 27 and 30, 2013 upon non-parties Mobile Mini, Inc., Pac Van Sales and Leasing, Modspace, and U.S. Modular is hereby **STAYED** until further order

- 3 -

of the Court. Counsel for Ameri-Fab must promptly provide a copy of this signed Order to Mobile Mini, Inc., Pac Van Sales and Leasing, Modspace, and U.S. Modular.

**IT IS FURTHER ORDERED** that counsel for Fredericks, AZ Holding, and Ameri-Fab shall promptly confer in an effort to reach a mutually-acceptable resolution and written stipulation to resolve the discovery issues raised in the subject Motion, and, at a minimum, agree in writing on what is and what is not discoverable by Fredericks. Counsel shall jointly file a stipulation, and a separate order consistent with the stipulation, on or before **Friday, October 18, 2013**, addressing the agreement of the parties and Ameri-Fab. Absent Fredericks, AZ Holding, and non-party Ameri-Fab resolving the issues by stipulation, Fredericks shall file their response to Non-Party Ameri-Fab, LLC's *Emergency* Motion to Quash Subpoenas Served On Its Customers and For Protective Order by **Friday, October 25, 2013**. Ameri-Fab may file an optional reply by **Friday, November 1, 2013**. Absent Fredericks, AZ Holding, and Ameri-Fab resolving the issues by agreement and stipulation, the Court will likely appoint a Special Master pursuant to Rule 53, Fed.R.Civ.P., to investigate the discovery dispute, make written findings of fact, conclusions of law, and make recommendations to the Court to resolve the subject Motion. All costs of the Special Master shall be paid equally by Fredericks, AZ Holding, and Ameri-Fab or as otherwise ordered. The imposition of an award of reasonable attorney's fees and costs shall abide by further order of the Court.

Dated this 7th day of October, 2013.

_____
Lawrence O. Anderson
United States Magistrate Judge